law library

FILED
SUPERIOR COURT
OF GUAM

2012 MAY 18 PM 2: 44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

ZAIDA C. ACABADO,

           Plaintiff,

    vs.

CHILI'S GRILL & BAR, AND
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

           Defendants.

CIVIL CASE NO. CV0109-11

**DECISION & ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on January 4, 2012 on Defendant's Motion for Summary Judgment. Attorney Michael D. Flynn represented Defendant who was present. Attorney Ryan F. Kaiser represented Plaintiff who was present. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This is a slip and fall case between Plaintiff Zaida C. Acabado (hereinafter "Plaintiff") and Defendant Chili's Grill and Bar (hereinafter "Chili's") and Defendant National Union Fire Insurance Company of Pittsburg, PA (hereinafter "National"). The Defendants filed a Motion for Summary Judgment. Other pending motions include Defendants' Motion to Quash Jury Demand, Defendants' Motion to Compel Discovery and Defendant's Motion to Exclude Testimony.

## DISCUSSION

**I.    Motion for Summary Judgment**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a

*Zaida C. Acabado v. Chili's Grill and Bar and National Union Fire Insurance Company of Pittsburg, P.A.*,
Decision and Order
Civil Case No. CV0109-11        - Page 1 of 7 -

material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

### First Cause of Action: Negligence

Under a cause of action for negligence, an injured party must prove the following elements to prevail: a) that the tortfeasor had a duty to act in a manner that does not place others in an unreasonable risk of harm; b) that duty was breached; c) as a result of that breach it is the cause; d) of harm or damages suffered by a party. *Guerrero v. DLB Const. Co.,* 1999 Guam 9 ¶ 14; *See* Restatement (Second) Torts §§ 281 and 282 (1988).

The facts in this case are heavily contested and there are many material facts at issue presently. The Court, simply, does not have enough information to determine that Defendants are entitled to judgment as a matter of law on Plaintiff's claim of negligence. As to the elements, Defendant Chili's clearly owed a duty to Plaintiff as a guest of the restaurant and there

were definite injuries that occurred caused by Plaintiff's slip. What is unsure is whether or not Defendant breached its duty to Plaintiff and whether that breach was the legal and proximate cause of Plaintiff's injuries.

In their request for summary judgment, Defendants allege that Plaintiff has presented no evidence as of yet that Chili's failed to act prudently and breached its duty owed to Plaintiff or that Chili's did anything to cause Plaintiff's injuries. Defendants continue to argue that there are at least six alternative explanations for Plaintiff's fall and Plaintiff has done nothing to disprove at least five other causes of her fall. Defendants suggest that Plaintiff's shoes caused the fall but Plaintiff cannot provide discovery of the shoes. Defendants suggest that Plaintiff's pants caused the fall, but again Plaintiff is unable to present pants that appear to be comfortable and safe to walk in. Defendants also claim that Plaintiff's manner of walking or potential prescription drug use caused the fall. As to each of these arguments, Plaintiff could easily discuss the effects of her attire, shoes, gate and balance at trial. As to the notion that Plaintiff did not disprove the alternative causes for her fall, the Court is not convinced that summary judgment is appropriate. The Court believes that there are infinite possibilities that might have caused Plaintiff to fall and it is not Plaintiff's obligation to disprove each alternative explanation for her fall. To prevail at trial, Plaintiff only needs to prove by a preponderance of the evidence that Chili's owed a duty of safe conditions to Plaintiff, allowed a slippery substance to remain on Chili's floor for an unreasonable time, thus breaching its duty owed to Plaintiff and that the slippery substance caused Plaintiff to fall and be injured. The Defendants have been unable to prove a lack of evidence as we have eye witness testimony through the deposition of Plaintiff of the events that took place which indicate that all elements of negligence can be proven at trial. The Court does desire to see more evidence regarding the pre-existing injuries Plaintiff had, if any, at the time of the fall.

Clearly, had Chili's left any liquid on the ground that could foreseeably cause a slip and fall and that the liquid was the cause of Plaintiff's fall and left for too long a time, then Chili's would be liable for negligence and responsible for Plaintiff's damages. Of course, Defendants would argue otherwise, but for the purposes of summary judgment the Court would only need a

legitimate dispute as to material facts to deny the motion. Here, Plaintiff alleges that her clothes and shoes did not cause her to fall, but that a wet substance on the floor near the bathroom caused her to fall. The Court has no evidence before it now that would help prove or disprove the other alternative causes of the fall. Yet, the Court does have depositions that reveal the experiences of the Plaintiff and of the Chili's staff. Plaintiff said under oath that she observed a "wet floor" after she fell down. Deposition of Plaintiff at 15:24:02. Even if Plaintiff is unable to confirm the wetness existing before she fell, her statement as to the wetness of the floor immediately after she fell is satisfactory to this Court as enough dispute of material evidence. Defendant has presented no evidence that directly opposes Plaintiff's claim as to the wet floor. At trial, the Parties would be able to elicit more corroboration to either defeat the matter of wetness or further prove the matter of wetness. The Court also understands that Chili's staff look for these types of spills at regular intervals, every ten to twenty minutes with five minutes being the most frequent possible. *See* Deposition of Jesse Pinkston. Yet, nothing indicates that the floor at issue was actually inspected just before the fall. The Court could find at trial that the liquid, if actually on the ground, was there for an unreasonable time before Plaintiff slipped. The Court does recognize the indication that Chili's floor may not be slippery even if wet or that Plaintiff may have slipped by her own cause unrelated to the wet floor. That is a matter for trial as this Court has adequate evidence to deny summary judgment because material facts are present, subject to negation, as to essential elements of Plaintiff's case.

### Second Cause of Action: Direct Action Against Defendant National

As to Plaintiff's second cause of action, the Court finds summary judgment inappropriate for the same reasons discussed above.

### II.    Other Motions

### Motion to Quash Jury Demand

Defendants' request that the Court dismiss Plaintiff's Jury Demand. The Court recognizes that Plaintiff is entitled to trial by jury if property in controversy is more than $20.00. 7 GCA § 22104. The case law appears to be lenient in allowing amendment as long as damages are in excess of $20.00. In Plaintiff's designation of an expert witness, she attaches an exhibit

where she indicates damages in the amount of $6,675.00 for treatments with a chiropractor. Plaintiff's Exh. 12. Plaintiff failed to indicate such in her Complaint, yet, the Court finds that the amount in controversy is clearly greater than $20.00. If Plaintiff alleged that amount in her Complaint, her demand would be proper. The Court will allow amendment of Plaintiff's Complaint. The Court is aware that the deadline to amend pleadings has long since passed, but the Court finds under the circumstances that amendment is proper.

### Motion to Compel Discovery

Defendants demand that Plaintiff provide discovery of her clothing and shoes worn the day of the slip and fall. Here, no failure to present the requested evidence appears intentional to the Court. There is no support of a claim for spoliation or concealing evidence or that Plaintiff is intentionally avoiding discovery. The Court has no authority under GRCP Rule 37 to punish someone for losing evidence not known to be essential to the case at time of loss or force them to recover said objects. Plaintiff had no obligation to maintain the articles at issue immediately after the event took place as she did not know, at the time, she needed medical assistance and a civil case might ensue. It is the simple fact of life that evidence does not survive for long periods of time. It is not clear to the Court that Plaintiff is able to provide the requested discovery. Thus, Plaintiff has a substantial justification for not providing discovery. *See* Rule 37(c). As a result, Defendant's Motion to Compel Discovery is denied and the Court will not impose any such inference regarding causes of Plaintiff's fall. The Court does recognize the Defendants' ability to create doubt in Plaintiff's case in highlighting the lack of evidence and inability to obtain these items at trial. Furthermore, GRCP Rule 37(c)(1) prevents Plaintiff from using the shoes or the pants at trial as evidence if she is unable to provide said discovery to the Defendants timely.

The Court is, however, deeply concerned over the point regarding Plaintiff's previous medical issues. Plaintiff has the obligation to be completely forthcoming about all relevant medical issues predating the events of her slip and fall at Chili's. Plaintiff must provide any evidence relating to a preexisting medical condition as soon as possible to avoid sanctions if such evidence exists. Also, if credible evidence comes forward indicating spoilage or intentional

discovery failures on Plaintiff's behalf, the Court would invite said evidence to be brought to the Court's attention. As it stands, there is not such evidence.

### Motion to Exclude Expert Testimony

As a corollary to the above argument on sanctions for Plaintiff's discovery failures, Defendants argue for the exclusion of Plaintiff's rebuttal expert witness, O'Neal McAfee. The Court is very interested in hearing testimony on whether or not footwear could create a more dangerous condition as it is highly relevant testimony if McAfee is qualified to testify to such. The Court finds no sanctions suitable for Plaintiff's inability to produce her clothes and shoes worn the day she fell.

Defendants also claim that McAfee's testimony will not aid the trier of fact as he is unable to comment on the crucial issue of notice to Chili's about the condition of the floor at the time of Plaintiff's fall. Guam Rules of Evidence Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. (2006)

McAfee is being used as a rebuttal expert. Plaintiff plans to use McAfee to rebut the argument that Chili's did not cause the slippery condition or that the floor was not slippery. Furthermore, any information on the slipperiness or dangerous of the floor dry or wet would be helpful to the trier of fact. As long as McAfee bases his opinion on the facts of the cases, his methods are reliable and McAfee applies his methods to the facts McAfee can be qualified as an expert. Defendants' Motion to Exclude Expert Testimony is denied as the Court finds McAfee a proper expert under the rules and there is no pending allegation by Defendant that McAfee's methods are unreliable.

## CONCLUSION

Defendants' Motion for Summary Judgment is hereby DENIED. Defendants' Motion to Quash Jury Demand is DENIED. Defendants' Motion to Compel Discovery or for Inferences is also DENIED. Defendants' Motion to Exclude Expert Testimony is DENIED. Parties are invited to return _____ for a Status Hearing.

So ORDERED this 17th day of May, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

DATED: MAY 1 8 2012

JERIME C. BUSNAS
DEPUTY CLERK, Superior Court of Guam